in favor of defendant Schumann upon the merits, with costs, upon the ground that we think that chapter 4 of the Laws of 1918, as amended by chapter 81 of those laws, together with the order of the Ice Comptroller made thereunder, fixing prices, whether constitutional and valid or not, constituted " unforeseen difficulties " in the way of Schumann's performance of his contract with plaintiff within the meaning of the terms of that contract. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

James J. Klein, Respondent, v. Mitchell Rosenzweig and Clara Rosenzweig, His Wife, Appellants, Impleaded with Thomas J. Egan. Defendant.— Judgment affirmed, with costs, in accordance with opinion per curiam in Kunze v. Rosenzweig (See 186 App. Div. 866), decided herewith. Jenks P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

Vira Cornell, Respondent, v. Seymour W. Bonsall, Appellant and Others, Defendants.— Motion denied, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

Philip B. Gaynor, Appellant, v. Village of Port Chester, Respondent. — Motion granted, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

Frank H. Hebblethwaite, Respondent, Appellant, v. Charles R. Flint and Wallace B. Flint, Appellants, Respondents.— The referee's fourth finding that defendants received for plaintiff's shares $92,355 was erroneous, because of Justice Clark's holding that the increased capital of 14,000 shares was binding on plaintiff, but the stipulation of the attorneys of April 6, 1916, omitted to correct it. This court also treated the marking down of the stock to $25 a share in defendant's basis of sale as an unreal figure by which the stock was depressed to the advantage of other securities controlled by defendants, and, therefore, that $25 a share was less than defendants in truth received for plaintiff's stock. Therefore, our order of affirmance (See 185 App. Div. 249) must be resettled so as to show clearly our attitude as to such fourth finding by the learned referee. Present — Mills, Putnam, Blackmar, Kelly and Jaycox, JJ. Order to be settled on notice. The motion for leave to appeal to the Court of Appeals is reserved until resettlement of our order.

In the Matter of the Probate of the Last Will and Testament of Virgilio Del Genovese, Deceased. Fidalma Del Genovese, Individually and as Administratrix, etc., Appellant; Joseph Del Genovese, Respondent.— Motion denied, without costs. Present — Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ.

In the Matter of the Appraisal under the Transfer Tax Acts of the Property of Frazier M. Dolbeer, Deceased.— Motion for leave to appeal to the Court of Appeals granted. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ. Order to be settled on notice before Mr. Justice Putnam.

In the Matter of the Petition of William H. Fischer to Render and Settle His Account as Executor, etc., of John K. Fischer, Deceased.— Motion for stay granted on condition that sureties justify within ten days; otherwise, motion denied, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.